IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ERGO MANAGEMENT COMPANY, LLC<br><br>Debtor. | Case No.: 16-24615-CMB<br><br>Chapter 7<br><br>Adv. Proc. No.:<br><br>Doc. No. 1 |
| NATALIE LUTZ CARDIELLO, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>FAUST BROTHERS MASONRY,<br><br>Defendant. | |

## COMPLAINT TO AVOID TRANSFERS AND RECOVER PROPERTY

Plaintiff, Natalie Lutz Cardiello ("Plaintiff"), not individually but as trustee for the chapter 7 bankruptcy estate of Ergo Management Company, LLC, by and through her attorneys, alleges as follows:

## NATURE OF ACTION

1. Plaintiff seeks to avoid and recover pursuant to 11 U.S.C. §§ 544(b) and 548 and the Pennsylvania Uniform Fraudulent Transfer Act any transfers that may have been fraudulent conveyances and, pursuant to 11 U.S.C. § 549, any unauthorized transfers that cleared post-petition. Additionally, certain relief pursuant to 11 U.S.C. § 502 may be sought by Plaintiff herein as further stated below.

2. Plaintiff seeks the recovery under 11 U.S.C. § 550 of any transfers avoided for the benefit of the estate.

1

## THE PARTIES

3. The Plaintiff, Natalie Lutz Cardiello, is the Trustee of Ergo Management Company, LLC's estate in the above-captioned bankruptcy case.

4. The debtor, Ergo Management Company, LLC ("Ergo Management"), is a Pennsylvania limited liability company that, at all relevant times, had a principal place of business at 1091 Beechwood Boulevard, Pittsburgh, Pennsylvania 15206. Upon information and belief, Golan Barak was a principal and the managing member of Ergo Management at all relevant times.

5. Defendant Faust Brothers Masonry ("Faust Brothers") is a general partnership that, at all relevant times, had a principal place of business at 1522 Brookline Boulevard, Pittsburgh, PA 15226. Faust Brothers is a recipient of transfers from Ergo Management.

6. In her capacity as Trustee, Plaintiff has selected Dinsmore & Shohl, LLP as special counsel in the above-captioned bankruptcy case. (CM/ECF Doc. No. 39).

7. Dinsmore & Shohl, LLP has been appointed special counsel in the bankruptcy case. (CM/ECF Doc. No. 47).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this adversary proceeding, which arises in and relates to a case under title 11, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court"), Case No. 16-24615-CMB ("Bankruptcy Action), pursuant to 28 U.S.C. § 157 and 1334(b).

9. The statutory and legal predicates for the relief sought herein are sections 502, 544, 548, 549 and 550 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy

Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

10. Pursuant to Rule 7008 of the Bankruptcy Rules, Trustee consents to entry of final orders or judgment by this Court.

11. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

### *Procedural History: Bankruptcy Action*

12. On December 13, 2016, Ergo Management filed its voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code at Case No. 16-24615-CMB. (CM/ECF Doc. No. 1).

13. The Chapter 7 case was closed on October 10, 2017, (CM/ECF Doc. No. 33), and reopened on April 2, 2017 (CM/ECF Doc. No. 45).

14. Plaintiff was appointed and served, and continues to serve, as Chapter 7 Trustee of the Debtor's estate. (CM/ECF Doc. No. 46).

### *Factual Background: Transfers to Faust Brothers*

15. Insofar as Plaintiff has been able to ascertain to date without the benefit of pre-trial discovery in this action, Plaintiff is informed and believes and thereupon alleges that Mr. Barak engaged Faust Brothers to perform services for the remodeling and improvement upon Mr. Barak's personal property.[1]

---

[1] During the course of this adversary proceeding, Plaintiff may learn, (through discovery or otherwise), of additional transfers made to the Defendant. It is Plaintiff's intention to avoid and recover all avoidable transfers made by Ergo Management of an interest of Ergo Management's money or property and to or for the benefit of the Defendant or any other transferee prior to the Petition Date. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding transfers to Defendant, (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action that may become known to Plaintiff at any time during this adversary proceeding.

3

16. Faust Brothers was paid for these services with corporate funds of Ergo Management.

17. Ergo Management's bank records reflect that from November 4, 2014 through June 16, 2015, Debtor transferred at least $47,050 to Faust Brothers on account of Mr. Barak's personal property (the "Transfers"). A true and correct copy of a printout detailing Ergo Management's bank account is attached hereto as Exhibit "1" and incorporated herein by reference.

18. Ergo Management's bank records reflect additional transfers of approximately $201,000 were made to various contractors to perform services for the remodeling and improvement upon Mr. Barak's personal property. (Exhibit 1, generally).

19. The Transfers were not made in the normal course of Ergo Management's business.

20. The Transfers were not made in good faith.

## COUNT I

### (Avoidance of Actually Fraudulent Transfers – 11 U.S.C. § 544(b))

21. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

22. There exist creditors with unsecured claims against the estate who could have filed a claim to avoid the Transfers to Faust Brothers under applicable law.

23. Those creditors have a right to payment from Faust Brothers for an amount in excess of $47,050.

24. Mr. Barak made the Transfers to Faust Brothers with the intent to hinder, delay, or defraud one or more of Ergo Management's creditors – an intent which is inferred based on at least several of the following "badges of fraud":

    a.    Transfers to an insider (i.e., improvements made to Mr. Barak's personal residence);

    b.    Transfer of substantially all of debtor's assets;

    c.    Insolvency shortly before or after the transaction;

    d.    Incurring substantial debt shortly before or after a transfer;

    e.    Concealment of a transfer or obligation; and

    f.    Receipt of inadequate consideration.

25. The conduct of Mr. Barak and Faust Brothers was a substantial factor in causing harm to the creditors.

## COUNT II

**(Avoidance of Constructively Fraudulent Conveyances – 11 U.S.C. § 544(b))**

26. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

27. Ergo Management's creditors have a right to payment from Faust Brothers for an amount in excess of $47,050.

28. Faust Brothers did not receive a reasonably equivalent value in exchange for the Transfers.

29. The creditors' right to payment from Ergo Management arose before Ergo Management made the Transfers to Faust Brothers.

30. Ergo Management was insolvent at the time or became insolvent as a result of the Transfers to Faust Brothers and certain of the other transfers.

31. The conduct of Mr. Barak and Faust Brothers was a substantial factor in causing harm to the creditors.

## COUNT III

### (Avoidance of Actually Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(A))

32. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

33. Mr. Barak made the Transfers to Faust Brothers with the actual intent to hinder, delay, or defraud Ergo Management's creditors.

34. Plaintiff may recover the value of the Transfers to Faust Brothers, or damages for the value thereof, for the mutual benefit of the bankruptcy estate under 11 U.S.C. § 550, and the avoided lien is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## COUNT IV

### (Avoidance of Constructively Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

35. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

36. Mr. Barak made the Transfers to Faust Brothers without Ergo Management receiving reasonably equivalent value in exchange for those Transfers.

37. Mr. Barak made the Transfers to Faust Brothers, as well as the additional transfers discussed in Paragraph 18, at a time when Ergo Management was insolvent or became insolvent as a result thereof, or when Ergo Management was engaged in business or a transaction, for which any property remaining with Ergo Management who made or for whose benefit the Transfers were made was an unreasonably small capital, or Mr. Barak intended to incur, or believed that he would incur, debts that would be beyond Ergo Management's ability to pay as such debts matured.

38. Plaintiff may recover the value of the Transfers to Faust Brothers for the benefit of Ergo Management's bankruptcy estate under 11 U.S.C. § 550, and the avoided lien is preserved for the benefit of Ergo Management's estate pursuant to 11 U.S.C. § 551.

## COUNT V

**(Avoidance of Unauthorized Post-Petition Transfers – 11 U.S.C. § 549)**

39. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

40. Subject to proof, Plaintiff alleges that to the extent any additional transfers were transfers of an interest of the bankruptcy estate's property that were made or awarded after the bankruptcy petition date ("Post-Petition Transfers"), the Post-Petition Transfers were never authorized by the Court or under the Bankruptcy Code and, thus in accordance with the foregoing, the Post-Petition Transfers are avoidable from Defendant pursuant to 11 U.S.C. § 549.

## COUNT VI

**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

41. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

42. Plaintiff is entitled to avoid any potentially fraudulent transfers pursuant to 11 U.S.C. § 548 and any post-petition transfers pursuant to 11 U.S.C. § 549 (collectively, "Avoidable Transfers").

43. Defendant was the initial transferee of the Avoidable Transfers of the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

44. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Avoidable Transfer from Defendant, or the value thereof, plus interest thereon to the date of payment and the costs of this action.

## COUNT VII

**(Avoidance of Fraudulent Transfer Under 12 Pa.C.S. § 5104)**

45. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

46. Upon information and belief, Mr. Barak made the Transfers with the actual intent to hinder, delay or defraud any entity to which Ergo Management was or became, on or after the date such Transfers were made or such obligations were incurred.

47. Plaintiff may avoid the Transfers from Ergo Management to Faust Brothers and recover the Transfers for the benefit of the estate pursuant to 11 U.S.C. §§ 544(b) and 550(a) of the Bankruptcy Code and the Pennsylvania Uniform Fraudulent Transfer Act (12 Pa.C.S. § 5104).

## COUNT VIII

### (Avoidance of Fraudulent Transfer Under 12 Pa.C.S. § 5105)

48. Plaintiff hereby incorporates the allegations above as though fully set forth herein.

49. Upon information and belief, Ergo Management was insolvent at the time of the Transfers or became insolvent as a result of these Transfers.

50. Plaintiff may avoid the Transfers from Ergo Management to Faust Brothers and recover the Transfers for the benefit of the estate pursuant to 11 U.S.C. §§ 544(b) and 550(a) of the Bankruptcy Code and the Pennsylvania Uniform Fraudulent Transfer Act (12 Pa. C.S. § 5105).

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests from the Court a judgment against Defendant:

    a. That the transfers avoidable under 11 U.S.C. §§ 544(b), 548 and/or 549 in the total aggregate amount of not less than $47,050 be avoided;

b.  That the transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 548 and/or 549, be recovered by Plaintiff from Defendant pursuant to 11 U.S.C. § 550;

c.  Awarding pre-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

d.  For attorney's fees and costs; and

e.  Granting Plaintiff such other and further relief as the Court deems just and proper.

DATE: October 18, 2018

Respectfully submitted,

DINSMORE & SHOHL LLP

By: /s/ Joel M. Helmrich
Joel M. Helmrich, Esquire
PA ID # 30733
Jeffrey M. Stacko, Esquire
PA ID # 314941
1300 Six PPG Place
Pittsburgh, PA 15222
Telephone:    (412) 281-5000
Facsimile:    (412) 281-5055
joel.helmrich@dinsmore.com
jeffrey.stacko@dinsmore.com

Christopher Celentino, Esquire
CA ID # 131688
655 West Broadway
Suite 800
San Diego, CA 92101
Telephone:    (619) 400-0519
Facsimile:    (619) 400-0501
christopher.celentino@dinsmore.com

*Counsel for Natalie Lutz Cardiello, Chapter 7 Trustee*

9